No. 14-6148

In the

# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Cudd Pressure Control, Inc.,
*Appellant*,

v.

New Hampshire Insurance Company and
National Union Fire Insurance Company of Pittsburgh, PA,
*Appellees*.

On Appeal from the United States District Court, Western District of Oklahoma,
No. 5:12-cv-01178-D, the Honorable Timothy D. DeGiusti, Presiding

**APPELLEES' RESPONSE TO APPELLANT'S MOTION TO SUPPLEMENT THE APPENDIX**

Pursuant to the Court's Order dated April 30, 2015, Appellees respond to "Appellant's Motion to Supplement the Appendix." Appellant's motion should be denied because the documents Appellant wishes to supplement, having been filed under seal in the District Court, are not part of the record on appeal. Further, only the District Court has authority to unseal them.

As the Appellant Cudd explained, the 18 pages of documents it seeks to supplement were originally filed under seal. (Appellant's Motion to Supplement the Appendix at p. 2). Documents filed under seal are not part of the appellate

record. *See, e.g., Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 910 (10th Cir. 2009) ("The sealed nature of the exhibits means that even this Court is precluded from accessing them absent a specific request to the district court clerk's office.").

After Cudd filed these documents under seal, the District Court later ruled that privilege had been waived as to the sealed documents. (*see* Appellant's Motion to Supplement the Appendix at p. 2, Exhibit 2). Therefore, Cudd argues, the documents are no longer under seal. (Appellant's Motion to Supplement the Appendix at p. 2).

But a ruling regarding privilege is not equivalent to a ruling that documents are unsealed—documents may be filed under seal upon showing of any "significant interest," including privilege. *See United States v. Pickard*, 733 F.3d 1297, 1300, 1302-1303 (10th Cir. 2013) (party must show a "significant interest" outweighing presumption of open records) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks omitted)). A finding that a privilege was waived does not necessarily destroy the "significant interest" in keeping documents out of the public record.

Separate from any evidentiary argument regarding privilege, a party seeking to unseal documents must "prove that [it] has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Pickard*, 733 F.3d at 1301

(quoting *Hollingsworth v. Perry*, 133 S.Ct. 2652, 2661, 186 L.Ed.2d 768 (2013)). When the party's injury is an inability to use sealed information, the party must seek redress for their injury "*through a motion to the court that sealed the documents*, asking that court to unseal them." *Pickard*, 733 F.3d at 1301 (emphasis added) (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427–28 (10th Cir. 1990)). Cudd never filed a motion in the District Court asking to unseal the documents; therefore, the documents remain sealed. *See* FED. R. CIV. P. 5.2(d) ("The court may order that a filing be made under seal without redaction. *The court may later unseal the filing . . . .*") (emphasis added).

"Once a court orders documents before it sealed, the court continues to have authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents." *Pickard*, 733 F.3d at 1300 (citing *United Nuclear Corp.*, 905 F.2d at 1427–28). The court's order sealing documents remains in effect even after the case in which documents were sealed has ended. *Pickard*, 733 F.3d at 1300. Thus, it is the District Court, and only the District Court, that has authority to unseal the documents Cudd seeks to supplement.

Setting aside all issues of the timeliness of Cudd's request to supplement the Appendix, the documents Cudd seeks to supplement are not part of the appellate record. Therefore, this Court is precluded from accessing them. Cudd has not filed

a motion to unseal the sealed documents in the District Court. Even if Cudd's Motion to Supplement could be considered a request to unseal the documents, this Court does not have authority to unseal documents that the District Court sealed. For these reasons, Cudd's Motion to Supplement the Appendix should be denied.

    Respectfully submitted,

    Thompson, Coe, Cousins & Irons, L.L.P.

    By: /s/ Michael A. Yanof
        Michael A. Yanof
        Texas State Bar No. 24003215
        Ellen Van Meir
        OK Federal Bar No. 12-30
        Linda Ressetar
        OK Federal Bar No. 10474
        Christina de la Garza
        Texas State Bar No. 24061898

    Plaza of the Americas, 700 N. Pearl Street,
    Twenty-Fifth Floor
    Dallas, Texas 75201-2832
    Telephone:  (214) 871-8270
    Facsimile:  (214) 871-8209
    Email:  myanof@thompsoncoe.com
    Email:  evanmeir@thompsoncoe.com
    Email:  lressetar@thompsoncoe.com
    Email: cdelagarza@thompsoncoe.com

    **Counsel for Appellees**

## CERTIFICATE OF SERVICE

I certify that on May 1, 2015, (1) an electronic copy in PDF text-searchable format was submitted by electronic case filing and (2) a true and correct copy of the foregoing document was served by electronic case filing on the counsel of record listed below.

Richard E. Hornbeek
Larry G. Cassil, Jr.
B. Taylor Clark
HORNBEEK, VITALI & BRAUN, PLLC
3711 N. Classen Blvd.
Oklahoma City, OK  73118
**Counsel for Appellant/Petitioner Cudd Pressure Control, Inc.**

William D. Perrine
PERRINE REDEMANN BERRY TAYLOR
& SLOAN, PLLC
1437 S. Boulder Avenue, Suite 620
P.O. Box 1710
Tulsa, OK 74101-1710
**Co-Counsel for Appellees New Hampshire Insurance Company**
**and National Union Insurance Company of Pittsburgh, PA**

/s/ Michael A. Yanof
Michael A. Yanof

## CERTIFICATE OF COMPLIANCE

1. This response complies with the privacy-redaction requirements of Fed. R. App. P. 25(a)(5) and 10th Cir. R. 25.5.

2. The electronic submission of this response is an exact copy of the paper document, and the electronic submission of this response has been scanned for viruses using the most recent version of Symantec Endpoint.

/s/ Michael A. Yanof
Michael A. Yanof
Counsel for Appellees New
Hampshire Insurance Company and
National Union Insurance Company
of Pittsburgh, PA